810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Natty BUMPPO, Jennifer Coffee, Kevin Kilpatrick and Malachi
Bumppo, Plaintiffs-Appellants,
v.
KENTUCKY BOARD OF ELECTIONS; Drexell Davis, Kentucky
Secretary of State, as Chairman thereof; Edmonson County
Board of Elections; and Richard A. Sanders, Edmonson County
Court Clerk, as Chairman thereof, Defendants-Appellees.
 No. 85-5486.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1986.
 
 Before KEITH and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants appeal the order upholding the constitutionality of certain Kentucky statute regulating voting. We dismiss the appeal for want of jurisdiction.
 
 
 2
 The appellants filed suit in the district court under 42 U.S.C. § 1983. The complaint against appellees alleged violations of rights secured by the Declaration of Independence and the first, fifth, ninth, eleventh, twelfth, fourteenth, fifteenth, nineteenth, twenty-third, twenty-fourth and twenty-fifth amendments to the United States Constitution. Specifically, appellants alleged that:
 
 
 3
 1. The officials' enforcement of Kentucky Revised Statutes (hereinafter KRS) Chapter 117, Section 265(3) [KRS 117.265(3) ], purporting to prohibit write-in voting for President and Vice President of the United States, deprived them of rights secured to them by the Constitution of the United States of America.
 
 
 4
 2. The county officials customarily neglected to count write-in votes, even those allowed by Kentucky statute.
 
 
 5
 3. The officials' enforcement of KRS 116.055(1), purporting to prohibit voting in primary elections by qualified voters not members of the primary's political party, deprived them of rights secured to them by the Constitution of the United States of America.
 
 
 6
 4. The officials' enforcement of KRS 116.025(1) and Section 145 of the Kentucky Constitution, purporting, by the officials' interpretation, to prohibit voting by persons under the age of 18 years, deprived them of rights secured to them by the Constitution of the United States of America. (This allegation applied particularly to appellants Kevin Kilpatrick and Malachi Bumppo, who were 13 and 1 years of age, respectively.)
 
 
 7
 The state officials filed a motion to dismiss for lack of jurisdiction and failure to state a cause of action. The district court entered judgment for the officials on the pleadings.
 
 
 8
 Upon examination of the district court opinion and the record in this case, we note that the district court did not consider all of appellant's claims. Specifically, the district court did not address Count I, Paragraph (4) of the complaint which states:
 
 
 9
 (4) That the custom of defendants Edmonson County Board of elections and Richard A. Sanders is never to count "write-in" votes anyway, even for those offices for which they have been allowed, in violation of Kentucky Revised Statutes Chapter 117, Section 265(1) [KRS 117.265(1) ], and that said custom deprives plaintiffs and other qualified voters of rights secured them by the Declaration of Independence and the 1st, 5th, 9th, 11th, 12th, 14th, 15th, 19th, 23rd, 24th and 26th Amendments to the Constitution of the United States of America.
 
 
 10
 Since appellants allege that write in votes customarily were not counted, and since that claim has not been properly adjudicated, the action has not been terminated and there is no applicable final judgment. Rule 54(b) Federal Rules of Civil Prejudice, 28 U.S.C. § 1291.
 
 
 11
 Accordingly, the appeal is dismissed.